Hillsborough,
No. 5757.

FRANK DiPIETRO & a.

*v.*

NASHUA & a.

Argued September 5, 1968.
Decided October 1, 1968.

*Joseph P. Whelton* ( by brief and orally ), for the plaintiffs.

*Velishka & Kozlowski* and *Harkaway, Barry & Gall* ( *Mr. Aaron A. Harkaway* orally ), for the defendant Nathan Mann.

*Leo R. Lesieur,* for the defendants city and zoning board, filed no brief.

DUNCAN, J. The plaintiffs, by petition for a writ of mandamus, seek to require the zoning board of adjustment of the city of Nashua to meet and vote upon a motion for rehearing filed with the board by the plaintiffs. The plaintiffs have also appealed to the Superior Court under RSA 31:77 ( supp ) from the decision of the zoning board of adjustment granting the defendant Mann a variance from the terms of the Nashua zoning ordinance.

The defendants moved to dismiss both actions, upon the ground that no proper motion for rehearing was filed by the plaintiffs under RSA 31:74, 75 and 76. The city demurred to the petition for a writ of mandamus. The issues so presented were reserved and transferred without ruling by the Superior Court ( *Morris,* J. )

The variance in question was granted by the Nashua zoning board of adjustment on August 29, 1967, by a vote of 3 to 2. Thereafter, the plaintiffs first retained counsel who on September 12 sought a rehearing by motion which specified no reasons therefor, but requested rehearing before the full membership of the board, one member of which had died in the interim.

Following appointment of a new member, the board met on September 20, 1967 with only four members present. A motion " to deny a rehearing " to the plaintiffs failed of adoption by a vote of 2 to 2. The clerk recorded the action as follows: " Motion for rehearing denied 2 to 2. "

On September 22, 1967, plaintiffs' counsel filed with the board a request that it take affirmative action upon the plaintiffs ' motion for rehearing, and stated in some detail the grounds for the plaintiffs ' motion. The parties have agreed to accept as true the allegations of the petition for writ of mandamus, including the allegation that the grounds of the motion were not stated in the original motion " because the evidence presented at the hearing of August 29, 1967 was not available in order to determine what might be ' additional ' evidence for a rehearing. "

To the request of September 22, 1967, the chairman of the board replied on September 25, advising that since the board had " already ruled on your rehearing, " it would appear that the plaintiffs ' rights were governed by RSA 31:77 ( supp ) pro-

viding for appeal to the Superior Court.

The plaintiffs seek to justify their failure to state the ground of their motion for rehearing by the circumstance that the "minutes of the [August 29th, 1967] meeting were not transcribed from shorthand" until September 19, 1967, and not "accepted and signed by the Clerk of the Board until September 26, 1967." This, they argue, was in violation of their rights under RSA 91-A:2, 3 (supp). We do not find this argument persuasive.

The order of the board entered following the hearing of August 29, 1967 was made a matter of record and known to the plaintiffs in season to permit their filing of their motion for rehearing on September 12, 1967 within the time prescribed by the statute. RSA 31:74. This was sufficient compliance with the requirements of RSA 91-A:2, 3 (supp), *supra*. Verbatim stenographic records of testimony at zoning hearings are not required by statute, nor are they commonly made, unless by the parties themselves. Minutes or a summary of such testimony, when kept by a clerk of the board, although subject to public inspection when filed (RSA 91-A:2, *supra*) are not a necessary part of the public record. RSA 31:68. It is not suggested that the order or decision of the board in this case was not promptly recorded and made available to the public.

We do not consider that the temporary unavailability of the minutes of the testimony relieved the plaintiffs of the necessity of stating the ground of their motion for rehearing. The plaintiffs attended the hearing on August 29, 1967, and the nature of the evidence presented must have been ascertainable by counsel retained after the hearing. The grounds alleged in the plaintiffs' supplemental filing of September 22, 1967 were those commonly presented by a motion for rehearing, and relied upon the statutory prerequisites for the granting of a variance. RSA 31:72. So far as appears, they could as readily have been stated, at least in general terms, on September 12, 1967.

We conclude that the plaintiffs' failure to file a motion for rehearing satisfying the requirements of RSA 31:74, 75, by motion seasonably filed setting forth "every ground" upon which they claimed the order to be unlawful or unreasonable, precludes maintenance of their pending appeal. RSA 31:75, *supra; Bourassa* v. *Keene,* 108 N. H. 261. Since the motion originally filed was insufficient, it was not subject to amendment by the supplemental filing of September 22, 1967 after the twenty-day

limitation had expired. RSA 31:74. *Cf. Gagnon* v. *Connor,* 64 N. H. 276. Accordingly, the plaintiffs' appeal will be dismissed.

The petition for writ of mandamus is grounded on the proposition that the board failed to take action upon the motion for rehearing as required by RSA 31:76. The plaintiffs point out that the motion "to deny a rehearing" failed of adoption and argue that this was ineffective action, which neither denied nor granted a rehearing. It is reasonably apparent, however, that a motion to grant a rehearing would have suffered a similar fate.

The practical result was that the board considered the motion, and did not grant it. The board considered this to be a denial of the motion, as the plaintiffs' appeal has recognized. That a failure to grant is equivalent to denial is not a novel conclusion. See *Black* v. *Fiandaca,* 98 N. H. 33, 38. The crux of the matter is that for want of any seasonable statement of grounds the motion for rehearing was insufficient to invoke the jurisdiction of the board, or to entitle the plaintiffs to any order except denial. The consequence is that the petition for a writ of mandamus must be denied.

The orders are

*Petition dismissed; appeal dismissed.*

GRIMES, J., did not sit: the others concurred.