Rockingham
No. 6294

WILLIAM N. SMITH & a.

v.

HAROLD R. NUTTER & a. AND TOWN OF SALEM & a.

February 28, 1973

·   *Shaw & Eldredge (Mr. Carleton Eldredge* orally) for the plaintiffs.

*McLane, Carleton, Graf, Greene & Brown* and *Charles A. DeGrandpre (Mr. DeGrandpre* orally) for the defendants Nutter.

*Sayer & Giordano (Mr. James A. Sayer, Jr.,* orally) for the intervenor Lou Smith Trailer Haven, Inc.

GRIMES, J. The issue before this court is whether the superior court erred in remanding to the Board of Adjustment of the Town of Salem the question whether the construction of a trailer park by the defendants Nutter is in violation of the Salem zoning ordinance. We hold that the remand was proper.

In 1953, under a zoning ordinance then in effect, defendants Nutter applied for and obtained a permit to construct

a barn and to "park" trailers on their land. They constructed a 25-stall barn and other facilities and rented stall space to horse owners who were allowed to park trailers on the premises during the two-month racing season at Rockingham Park. As time passed, the number of transient trailers declined to the point that in 1968 there was only one. It appears that by 1968 there were one or two trailers located on the land on a year-round basis. In 1968, the town acquired a sewer easement across the Nutter land under an agreement involving the right of the Nutters to "hook" into the line. In the fall of 1968, the Nutters sought permission to hook up 40 trailers to the sewer line but were refused. In early 1969, the Nutters met with the selectmen who are charged with the enforcement of the ordinance and reached an agreement whereby they would be allowed to develop their land to accommodate a maximum of 24 trailers. The selectmen sent a letter dated March 10, 1969, to the building inspector stating that they had been reviewing the Nutter request to place trailers on their land and that in their opinion they should be allowed to place not more than 24 trailers on their land. No notice was given to anyone that the selectmen were considering this matter and it appears that no formal permit was ever issued by the building inspector. A copy of the selectmen's letter, however, was sent to the Nutters who began thereafter to develop their land to accommodate 24 trailers. The Salem ordinance requires that the building inspector give five-days notice in a newspaper before granting a permit.

It appears that the Nutters have expended sums of money in the development of their land since 1968. While this may be a factor to be considered on the merits, it is not relevant to the issue before us.

The plaintiffs claim to have had no notice or knowledge of the Nutters' activities in the beginning but that they began objecting in July and August of 1969 to the selectmen, who on September 8, 1969, at a public hearing voted to take no action against the Nutters. On October 9, 1969, being uncertain how to proceed, the plaintiffs filed a bill in equity against the Nutters and on January 3, 1970, filed a formal request with the selectmen to enforce the ordinance against the Nutters. When the selectmen failed to act, plaintiffs on

February 9, 1970, appealed to the board of adjustment and requested the board to order the Nutters to cease and desist. This was served by a deputy sheriff on the chairman of the board and the town clerk. No notice was given to anyone by the board and no hearing was held, but by letter dated February 16, 1970, the attorney for the board notified plaintiffs that their appeal had been denied. On February 20, 1970, plaintiffs sent by certified mail a motion for rehearing to the attorney for the board, who receipted for it on February 24, 1970. The board took no action but the Salem ordinance provides that failure of the board to take action within ten days shall constitute a denial and that an appeal may be taken within 30 days of such denial. Plaintiffs filed their appeal in the superior court on March 19, 1970, alleging that the Nutters were proceeding without a permit and that the selectmen and the board of adjustment had unreasonably failed to enforce the ordinance against the Nutters. The petition of the Lou Smith Trailer Haven, Inc., lessee of defendants Nutter, to intervene was granted on May 27, 1970.

Both the bill in equity and the appeal were referred to a Master (*Leonard C. Hardwick,* Esq.) who after two days of hearing found that since there had been no notice or hearing before the board of adjustment, the matter had never been properly considered by it and recommended a remand of the matter to the board for hearing after reasonable notice to the public and the parties. This recommendation was approved by *Perkins,* J. who transferred defendants' exceptions.

Defendants and the intervenor contend that both the bill in equity and the appeal should be dismissed because plaintiffs have not exhausted their administrative remedies, that the matters cannot be "remanded" to the board of adjustment because the matters were never before the board of adjustment and therefore cannot be "remanded" there, and that it was error for the superior court not to render a final judgment under RSA 31:83.

Although it is true that parties must exhaust their administrative remedies as to matters coming within the jurisdiction of the board of adjustment (*Carrick v. Langtry,* 99 N.H. 251, 108 A.2d 546 (1954); *Bois v. Manchester,* 104 N.H. 5, 177

A.2d 612 (1962); *Bourassa v. Keene,* 108 N.H. 261, 234 A.2d 112 (1967)), it is our opinion that plaintiffs have complied with this requirement and the dismissal of their appeal was not required.

Defendants contend that the trial court did not enter a final decree and therefore could not remand the matter to the board. We need not decide whether such a final decree of dismissal or vacation of the order is required before a remand because we hold that such a decree was made in this case. RSA 31:83. The effect of the trial court's ruling was that the action of the board in denying the plaintiff's petition without notice and hearing was unlawful. In this ruling we concur. It follows, therefore, that the remand to the board for hearing after notice was proper. To claim, as defendants do, that since the board took no proper action because of lack of notice and hearing, the plaintiffs cannot properly appeal, is to seek to charge the plaintiffs with the improper conduct of the board.

It is true, as defendants contend, that the failure of the board to hold a hearing and give notice thereof was not included in the specifications in the motion for a hearing. RSA 31:75; *DiPietro v. Nashua,* 109 N.H. 174, 246 A.2d 695 (1968). Both the Salem ordinance, art. XI G, and RSA 31:75 permit consideration of other grounds for good cause shown. We hold that even if the limitation of RSA 31:75 applies, there was good cause for the court to consider the issue and remand the appeal to the board of adjustment.

*Exceptions overruled.*

All concurred.