Belknap
No. 79-021

## LACONIA CLINIC, INC.

v.

## THOMAS F. CULLEN, M.D.

November 14, 1979

*Wescott, Millham & Dyer,* of Laconia (*Peter V. Millham* orally), for the plaintiff.

*McLane, Graf, Greene, Raulerson & Middleton,* of Manchester (*Bruce W. Felmly* orally), for the defendant.

BOIS, J. This is an action in equity brought by a medical clinic to enforce a restrictive covenant against a physician employee. Trial by the Master (*Robert A. Carignan,* Esq.) resulted in a recommendation of a decree for the defendant, Thomas F. Cullen, M.D., denying Laconia Clinic, Inc.'s petition for injunction. The Superior Court (*Batchelder,* J.) approved the master's recommendation, and reserved and transferred plaintiff's exceptions. We overrule the plaintiff's exceptions.

The defendant entered into a written employment agreement with the plaintiff on December 31, 1971, which contained a restrictive covenant providing in pertinent part as follows:

> The Employee, in the event of the termination of his agreement, whether voluntary or involuntary, will not, *for a period of five years* following the date of his last day of employment with the Corporation, engage in the private practice of medicine, surgery, or any branch of either . . . in any office *within a radius of thirty miles* of the Laconia Clinic, Inc., except with the consent, in writing of at least ninety percent of the remaining stockholders then engaged in the practice of medicine as employees of the Corporation. (Emphasis added.)

The defendant practiced medicine as a surgeon with the clinic until December 1, 1977, when he submitted his resignation. He has been practicing surgery at the Laconia Hospital since that time.

The plaintiff claims breach of contract and seeks to enjoin the defendant from practicing within thirty miles of the clinic. The defendant claims, however, that plaintiff's mismanagement of the financial affairs of the clinic constituted a prior breach of contract which discharged his obligations under that instrument. In the alternative, he argues that the covenant is unenforceable because it is unreasonable and against public policy.

The first issue is whether the record supports the master's finding that plaintiff breached its contractual obligations and whether such a breach is sufficient to discharge the defendant from his own obligations under the restrictive covenant. Plaintiff argues that there was no breach of contract because the employment agreement contained no clause that the defendant would be afforded financial security beyond the written terms of the contract by his affiliation with plaintiff, and that the master gratuitously added such a clause of his own design.

■■ Terms which are plainly or necessarily implied in the language of a contract are as much a part of it as those which are expressed. If the provisions of the instrument taken together clearly show that the obligation in question was within the contemplation of the parties when making their contract or is necessary to carry their intention into effect, the law will imply the obligation and enforce it. 17 AM. JUR. 2d *Contracts* § 255, at 649 (1964); *see, e.g., Seaward Construction Co. v. City of Rochester*, 118 N.H. 128, 383 A.2d 707 (1978); *Currier v. Boston & Maine R.R.*, 34 N.H. 498, 510 (1857).

■ That an employment contract implies an obligation on the part of an employer to afford a certain degree of financial security to the contracting employee is obvious. That the contract at hand implied an obligation on the part of plaintiff to manage its financial affairs in a manner consistent with the express terms of the agreement is also obvious. It can be plainly seen from all the provisions of the instrument taken together that the obligations of plaintiff at issue were within the contemplation of the parties when making the contract. The master found that the main purpose of the clinic was to offer financial security to its members, and correctly implied an obligation on the part of the plaintiff to operate the clinic in a fiscally sound manner.

The master made specific findings that during the period 1973–1977, plaintiff experienced substantial financial difficulties, principally related to poor cash flow and inability to meet current obligations, resulting in divisiveness and disunity among clinic physicians; that in 1975, plaintiff's financial problems approached a "crisis level" which were only temporarily resolved by cuts in physician salaries; that in 1977, plaintiff incurred approximately $30,000 in short term debts necessary to stay current on its pension plan obligations, and $50,000 to pay current payroll taxes; and that the total debt as of December 11, 1977, was approximately $532,331. The master concluded that the situation "reeks of a long economic blight." The record below supports these findings.

We will reverse the finding of the factfinder only when it cannot reasonably be made on the evidence, or when it can be said to be erroneous. *Humiston v. Bushnell*, 118 N.H. 759, 762, 394 A.2d 844, 846 (1978). The conclusion of the master that plaintiff breached its contract by mismanaging its business affairs can reasonably be made, and will not be overturned.

The next issue is whether the lower court properly ruled that plaintiff's breach discharged the defendant from his obligations under the restrictive covenant. It has been generally held that a restrictive clause in an employment contract preventing future competition by the employee may not be enforced where there has been a breach by the employer of his own obligations under the contract. Annot., 155 A.L.R. 652, 654 (1945); 42 AM. JUR. 2d *Injunctions* § 117, at 872 (1969); *see Associated Spring Corp. v. Roy F. Wilson & Avnet, Inc.*, 410 F. Supp. 967 (D.C.S.C. 1976). One who is himself guilty of a wrong for breach of contract should not seek to hold his counter-promisor liable. *Farrelly v. Timberlane Regional School Dist.*, 114 N.H. 560, 566–67, 324 A.2d 723, 727 (1974), *citing* 6 S. WILLISTON, CONTRACTS § 813, at 5, 6 (3d ed. 1972).

The record below supports a finding that plaintiff's breach was so material to the defendant's interests as to discharge the defendant's legal duty under the restrictive covenant. We cannot as a matter of law hold that the court erred in its findings. *See Humiston v. Bushnell*, 118 N.H. 759, 394 A.2d 844 (1978); *Beaudoin v. Beaudoin*, 118 N.H. 325, 327–28, 386 A.2d 1261, 1263 (1978).

In view of our holding, it is unnecessary to reach the merits of the restrictive covenant's enforceability. We caution, however, that contracts not to compete are by their nature in restraint of trade and are not favorably regarded by this court. "[A] restraint on employment is reasonable only if it is no greater than necessary for the protection of the employer's legitimate interest, does not impose undue hardship on the employee and is not injurious to the public interest." *Moore v. Dover Veterinary Hospital, Inc.*, 116 N.H. 680, 684, 367 A.2d 1044, 1047 (1976); *Smith, Batchelder & Rugg v. Foster & al.*, 119 N.H. 679, 406 A.2d 1310 (1979); *see* 54 AM. JUR. 2d *Monopolies, Restraints of Trade, and Unfair Trade Practices* § 521 (1971). *See generally* Annot., 62 A.L.R. 3d 1014 (1975).

*Exceptions overruled.*

KING, J., did not sit; the others concurred.