Rockingham
No. 99-255

TOWN OF PLAISTOW BOARD OF SELECTMEN

v.

TOWN OF PLAISTOW ZONING BOARD
OF ADJUSTMENT & a.

April 9, 2001

*Mitchell & Bates, P.A.*, of Laconia (*Timothy Bates* on the brief and orally), for the plaintiff.

*Donahue, Tucker & Ciandella*, of Exeter, for the defendant, filed no brief.

*Engel & Associates, P.A.*, of Exeter (*David C. Engel* on the brief and orally), for the intervenor, Richard Taylor.

DALIANIS, J. The intervenor, Richard Taylor, appeals an order of the Superior Court (*Murphy*, J.) reversing the decision of the Town of Plaistow Zoning Board of Adjustment (ZBA) granting a variance to Taylor. We vacate and remand.

The relevant facts follow. In 1997, the Town of Plaistow (town) adopted an amendment to its zoning ordinance prohibiting the establishment of an automobile dealership within 1,000 feet of another such dealership. On February 26, 1998, the ZBA granted a variance to Taylor to establish a used car dealership on property

less than 1,000 feet from an existing car dealership. Specifically, the ZBA found that

> [t]here would be no decrease in value of nearby property if granted (no abutters present), to have site in use would be a benefit since it has been empty, hardship is that building is not suitable for retail and the location of the lot is the hardship, would be justice to grant since owner says only 25% of his business is used cars, has large number of parking spaces.

Although on March 11, 1998, the Plaistow Planning Board sent a memorandum to the ZBA requesting a rehearing on Taylor's variance request, the parties do not dispute that the planning board lacks the authority to request a rehearing. However, on March 18, 1998, Plaistow's town manager, Robert M. Belmore, sent a memorandum to the ZBA from the plaintiff, the Town of Plaistow Board of Selectmen, requesting a rehearing on Taylor's variance request. Specifically, the memorandum stated, "Please accept this memo as a request for a rehearing on this variance decision based on the concerns outlined in the attached March 11, 1998 Planning Board memo." At a March 23, 1998 meeting, the plaintiff ratified the town manager's action. On March 26, 1998, the ZBA denied the plaintiff's request for a rehearing.

The plaintiff appealed to the trial court, and Taylor intervened. The trial court reversed, ruling that the ZBA erred in granting the variance because denial of the variance would not have resulted in unnecessary hardship.

On appeal, Taylor asserts that the trial court erred in finding that: (1) the town manager was authorized to request a rehearing on behalf of the board; (2) the request for a rehearing met the requirements of RSA 677:3; and (3) Taylor's operation of a business on the property was conclusive evidence that a hardship did not exist.

"Because this is a zoning case, the standard for review of this court is not whether we would find as the trial court did, but whether the evidence reasonably supports the finding. We will therefore uphold the trial court's decision on appeal unless it is not supported by the evidence or is erroneous as a matter of law." *Hussey v. Town of Barrington*, 135 N.H. 227, 231 (1992) (quotation and citations omitted).

Taylor first asserts that the trial court erred in finding that the town manager had the authority to request a rehearing on behalf of the selectmen pursuant to RSA 677:2 (1996)(amended 2000).

RSA 677:2 provides:

> Within 20 days after any order or decision of the zoning board of adjustment . . . the selectmen, any party to the action or proceedings, or any person directly affected thereby may apply for a rehearing in respect to any matter determined in the action or proceeding, or covered or included in the order, specifying in the motion for rehearing the ground therefor; and the board of adjustment . . . may grant such rehearing if in its opinion good reason therefor is stated in the motion.

The trial court found that pursuant to RSA 37:6, IX, the town manager was authorized to request a rehearing because his letter to the ZBA indicates "[a] majority of the Board of Selectmen agreed that an appeal was warranted." RSA 37:6, IX provides that it shall be the duty of the town manager "[t]o perform such other duties, consistent with his office, as may be required of him by vote of the selectmen." Taylor, however, contends that the town manager was not directed by a vote of the selectmen to file the rehearing request and that the selectmen's March 23, 1998 ratification came too late as it occurred more than twenty days after the ZBA issued its decision. *See* RSA 677:2. Further, he asserts that because the town manager's action was not specifically authorized by RSA 37:6, he did not have the authority to request a rehearing unless directed to do so by vote of the selectmen.

While we recognize that there was no formal vote taken by the selectmen prior to the expiration of the twenty-day period, we disagree that the absence of a formal vote demonstrates that the town manager lacked the authority to request a rehearing on behalf of the selectmen. Pursuant to RSA 37:3 (2000), the town manager "shall in all matters be subject to the direction and supervision . . . of the selectmen." Here, the town manager was acting at the direction of the selectmen. The rehearing request, drafted on board of selectmen letterhead, specifically stated, "A majority of the Board of Selectmen agreed that an appeal was warranted." Further, in the trial court proceedings, the town manager represented that he contacted two selectmen at the request of the chairman of the board of selectmen and received their approval to file a rehearing request. Thus, the town manager filed the rehearing request with the authorization of a majority of the selectmen. Additionally, nothing in RSA 677:2 requires that the selectmen's request for a rehearing come only after a formal vote of the selectmen.

Next, Taylor asserts that the trial court erroneously found that the rehearing request met the requirements of RSA 677:3, arguing that the request did not fully set forth each ground upon which it relied. *See DiPietro v. Nashua*, 109 N.H. 174, 176-77 (1968). Taylor contends that because the planning board did not have the authority to request a rehearing and because its memorandum was "very general in nature," the town manager's incorporation of its memorandum did not meet the requirements of RSA 677:3. We disagree.

RSA 677:3 requires that "[a] motion for rehearing made under RSA 677:2 shall set forth fully every ground upon which it is claimed that the decision or order complained of is unlawful or unreasonable." Here, the trial court correctly found that the incorporation of the planning board's memorandum into the rehearing request adequately set forth the grounds for the rehearing. Specifically, the rehearing request stated, "Please accept this memo as a request for a rehearing on this variance *based on the concerns outlined in the attached March 11, 1998 Planning Board memo.*" (Emphasis added.) Thus, unlike the plaintiffs in *DiPietro*, who failed to specify any reasons for a requested rehearing, the plaintiff referenced and attached the planning board's memorandum, which listed three specific grounds for a rehearing: "that the decision regarding this variance may be in conflict with RSA 674:33b"; "so that the 'spirit' of the ordinance can be more fully understood and discussed"; and that "the buildings on a particular property cannot (or should not) be a 'hardship'." We hold that incorporation of the planning board's memorandum satisfied RSA 677:3.

■ Taylor next contends that the trial court erred in finding that Taylor did not demonstrate that denial of the variance would result in an unnecessary hardship. Specifically, the trial court found that "the fact that Taylor has been operating a tire sale business on the property is conclusive evidence that a hardship does not exist. Moreover, since he is able to use the property for this business purpose, he is not deprived of all reasonable economic use of the property." Taylor notes that when he applied to the ZBA for the variance he was not operating any business on the property because he did not even own the property at that point. It was not until after he received the variance from the ZBA that he bought the property and began operating a business on the lot. The plaintiff, however, contends that the trial court's mischaracterization of the facts is irrelevant because there are many other commercial uses permitted for this land, including the tire sale business that Taylor currently operates; thus, he is not deprived of all reasonable economic use of

his property such that an unnecessary hardship results without the variance. *See Grey Rocks Land Trust v. Town of Hebron*, 136 N.H. 239, 242 (1992).

Recently, however, we overruled the more restrictive definition of unnecessary hardship followed in *Grey Rocks* and articulated a new definition of unnecessary hardship. *See Simplex Technologies v. Town of Newington*, 145 N.H. 727, 731-32 (2001). To establish unnecessary hardship, applicants for variances must now prove:

> (1) a zoning restriction as applied to their property interferes with their reasonable use of the property, considering the unique setting of the property in its environment; (2) no fair and substantial relationship exists between the general purposes of the zoning ordinance and the specific restriction on the property; and (3) the variance would not injure the public or private rights of others.

*Id.* Therefore, we vacate the superior court's order and remand for further proceedings consistent with this opinion.

*Vacated and remanded.*

HORTON, J., sat for oral argument but retired prior to the final vote; BROCK, C.J., and BRODERICK and NADEAU, JJ., concurred.