Second General Prop. v. Pelham        CV-00-090-JD  06/27/01

UNITED STATES DISTRICT COURT FOR THE
                  DISTRICT OF NEW HAMPSHIRE


Second Generation Properties L.P.

     v.                              Civil No. 00-090-JD
                                    Opinion No. 2001 DNH 120
Town of Pelham


                          O R D E R


     The plaintiff, Second Generation Properties L.P., seeks

approval from the Town of Pelham, New Hampshire, to build a

telecommunications tower for personal wireless services on land

it owns in Pelham.  Second Generation brings an action under the

Telecommunications Act of 1996 ("TCA"), alleging that Pelham's

ordinance governing such towers and its decision not to grant

Second Generation a variance to build a tower violated three

subsections of 47 U.S.C.A. § 332(c)(7)(B).  Second Generation and

Pelham have each moved for summary judgment and objected to the

other's motion.


                      Standard of Review

     Summary judgment is appropriate when "the pleadings,

depositions, answers to interrogatories, and admissions on file,

together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party

is entitled to a judgment as a matter of law."  Fed. R. Civ. P.

56(c).  The party seeking summary judgment must first demonstrate the absence of a genuine issue of material fact in the record. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  All reasonable inferences and all credibility issues are resolved in favor of the nonmoving party.  See Barreto-Rivera v. Medina-Vargas, 168 F.3d 42, 45 (1st Cir. 1999).  In considering cross-motions for summary judgment, "the court must consider each motion separately, drawing inferences against each movant in turn."  Reich v. John Alden Life Ins. Co., 126 F.3d 1, 6 (1st Cir. 1997).

Background

Second Generation owns a heavily wooded, ninety-acre lot on a hill in an area zoned for residential use in Pelham, New Hampshire, where it wants to build a 250-foot tower for personal wireless services.  The lot is above the southern portion of Route 128.  The area is zoned for residential use.

Pelham has a personal wireless services ordinance that permits such towers to be located in a telecommunications overlay zone in certain industrial and business zones.  Second Generation's lot is not located within the telecommunications overlay zone.  After several unsuccessful efforts to obtain approval from Pelham to build a tower on its lot, Second Generation filed suit here alleging violations of the TCA and a

2

civil rights claim under 42 U.S.C.A. § 1983.

The suit was stayed while Second Generation applied to the Pelham Zoning Board of Adjustment for a variance to build the tower. At a hearing on October 12, 2000, the Board unanimously denied Second Generation's application on the grounds that the unnecessary hardship requirement had not been met. On December 11, 2000, the Board denied Second Generation's request for a rehearing.

Second Generation filed an amended complaint in this case alleging four causes of action based on violations of § 332(c)(7)(B). Second Generation alleges that Pelham's denial of the requested variance effectively prohibits the provision of wireless services in violation of § 332(c)(7)(B)(ii), unreasonably discriminates among the providers of equivalent services in violation of § 332(c)(7)(B)(i), was not supported by adequate written findings as required by § 332(c)(7)(B)(iii), and was not supported by substantial evidence as required by § 332(c)(7)(B)(iii). Second Generation seeks a judgment that Pelham's personal wireless services ordinance, as applied to Second Generation's request to build a tower, violates § 332(c)(7)(B) and seeks a permanent injunction requiring Pelham to permit Second Generation to build the tower.

Discussion

3

Second Generation moves for summary judgment on all four claims.  Pelham opposes Second Generation's motion and moves for summary judgment in its favor.  In support of its position, Pelham contends that Second Generation cannot show that the Board's decision or the ordinance constitutes an effective prohibition of services in part because the hardship standard has changed, that Second Generation lacks standing to maintain its discrimination claim, that the Board properly applied the then-existing hardship standard, that the substantial evidence requirement violates the Tenth Amendment, and that the Board complied with all procedural requirements under the TCA.

"47 U.S.C. § 332(c)(7) is a deliberate compromise between two competing aims - - to facilitate nationally the growth of wireless telephone service and to maintain substantial local control over siting of towers."  Amherst, N.H. v. Omnipoint Communications Enters., Inc., 173 F.3d 9, 13 (1st Cir. 1999). The First Circuit has recently reviewed the operations of telecommunications systems and the conflicting needs of providers and towns in the context of claims of TCA violations.  See, e.g., id.; see also Southwestern Bell Mobile Sys. v. Todd, 244 F.3d 51, 56-57 (1st Cir. 2001); Brehmer v. Planning Bd. of Town of Wellfleet, 238 F.3d 117, 119-22 (1st Cir. 2001).  Evaluation of a town's decision in the context of the TCA requires careful consideration of the particular circumstances of each case.  See

4

Amherst, 173 F.3d at 17.

In this case, since the Pelham Board denied Second Generation's application for a variance due to a lack of an unnecessary hardship, the New Hampshire Supreme Court has modified the applicable legal standard. See Simplex Techs. v. Town of Newington, 766 A.2d 713, 715 (N.H. 2001). The new definition of unnecessary hardship is less restrictive than the standard applied by the Board. See Town of Plaistow Bd. of Selectmen v. Town of Plaistow Zoning Bd. of Adjustment, 769 A.2d 397, 400 (N.H. 2001). Both sides here argue that the change in the law affects the outcome of this case.

Whatever Second Generation's prospects for success may be in light of Simplex, the Board should have an opportunity to apply the current law in the first instance. In this case, further proceedings before the Board would serve a useful purpose by clarifying the extent to which the change in the legal standard may alter the application of the ordinance to requests for variances to build personal wireless services towers. Cf. Brehmer, 238 F.3d at 212 (holding that further proceedings would serve no useful purpose where underlying violation was admitted and settlement reached). Therefore, the case is remanded to the Pelham Zoning Board of Adjustment for further proceedings in light of the new definition of "unnecessary hardship" articulated

5

in <u>Simplex</u> and applied in subsequent cases.[1]

### Conclusion

For the foregoing reasons, both the plaintiff's motion for summary judgment (document no. 18) and the defendant's motion for summary judgment (document no. 17) are denied without prejudice.

The case is stayed pending further proceedings in the Pelham Zoning Board of Adjustment with respect to Second Generation's application for a variance.

Second Generation shall file status reports in this court every thirty days on the first day of the month beginning on August 1, 2001, until a final decision is issued by the Zoning Board of Adjustment or the matter is resolved by agreement of the parties.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
District Judge

June 27, 2001

cc:   Andrew R. Schulman, Esquire
      Charles P. Bauer, Esquire
      William R. Kirschner, Esquire

_____

[1]To the extent the parties may dispute the Board's application of state law in its decision-making process, the appropriate forum for resolution of that dispute is the state and not the federal court.