Grafton
No. 2005-217

STANLEY COLLA & a.

v.

TOWN OF HANOVER

Submitted: November 16, 2005
Opinion Issued: January 27, 2006

*Clauson & Atwood*, of Hanover (*K. William Clauson* on the brief), for the plaintiffs.

*Mitchell & Bates, P.A.*, of Laconia (*Walter L. Mitchell* and *Laura A. Spector* on the brief), for the defendant.

DUGGAN, J. The plaintiffs, Stanley and Judith Colla, appeal the order of the Superior Court (*Houran*, J.) dismissing their appeal of a decision by the Town of Hanover Zoning Board of Adjustment (ZBA). We reverse and remand.

The record supports the following facts. The plaintiffs applied to the ZBA for three variances to build additions to their existing residence. The ZBA granted two and denied one of the variance requests. The denied request was for an area variance to the side setback requirements so that the plaintiffs could build a screened deck on the north side of their home. The ZBA denied this request on the ground that there were "feasible alternatives for achieving the desired benefit without a Variance—

including an unroofed deck . . ., or a porch located in the front—without substantial hardship."

The plaintiffs timely moved for reconsideration of the ZBA's denial. In their motion, the plaintiffs stated that they had applied "for a screened deck for their home[,] which required a variance because of zoning setback requirements." They set forth the reason that the ZBA had provided for denying the variance, *i.e.*, that there were feasible alternatives. Additionally, they stated that they requested rehearing on the following grounds: (1) "[t]he decision is unreasonable"; (2) "[t]he decision denies their constitutional rights to due process and equal protection of the laws"; (3) "[t]he decision is contrary to *Boccia v. City of Portsmouth*[, 151 N.H. 85 (2004)]"; and (4) "[t]he decision is contrary to the ordinance."

The ZBA denied the plaintiffs' motion, and the plaintiffs appealed to the superior court. In their appeal, the plaintiffs identified the ZBA decisions appealed (the denial of the variance request and subsequent denial of their motion for reconsideration), and stated that these were "illegal and unreasonable" for the reasons set forth in their attached motion for reconsideration to the ZBA.

In answering the appeal, the defendant, Town of Hanover, averred, in part, that the ZBA denied the variance because "feasible alternatives existed for achieving the desired benefit of the variance, including constructing an unroofed deck or locating the proposed porch at the front of the house." Thus, the defendant asserted, the ZBA had found that there was no "unnecessary hardship" under *Boccia*, 151 N.H. at 92-94.

The defendant later moved to dismiss the appeal on two grounds: (1) the plaintiffs' motion for reconsideration to the ZBA failed to comply with RSA 677:3 (1996) because it was "so broad and non-specific that it was impossible for the [ZBA] to understand what its errors may have been and address those errors"; and (2) the plaintiffs' appeal to the superior court failed to comply with RSA 677:4 (Supp. 2005) because it merely incorporated, by reference, the insufficient motion for reconsideration. The trial court agreed with the defendant on both grounds and dismissed the appeal.

Our review in zoning cases is limited. *Harrington v. Town of Warner*, 152 N.H. 74, 77 (2005). We will uphold the trial court's decision on appeal unless it is not supported by the evidence or is legally erroneous. *Id.* We review the superior court's interpretation of applicable statutes *de novo*. *McDonald v. Town of Effingham Zoning Bd. of Adjustment*, 152 N.H. 171, 174 (2005).

The plaintiffs first argue that the trial court erred when it ruled that their motion for rehearing did not satisfy RSA 677:3. We are the final arbiter of the intent of the legislature as expressed in the words of a

statute considered as a whole. *Pelletier v. City of Manchester*, 150 N.H. 687, 688 (2004). In interpreting a statute, we first look to the language of the statute itself, and, if possible, construe that language according to its plain and ordinary meaning. *Id.* Where the language of a statute is clear on its face, its meaning is not subject to modification. *Id.* Unless we find that the statutory language is ambiguous, we need not look to legislative intent. *Id.*

■ "The rehearing process is geared to the proposition that the board of adjustment shall have a first opportunity to correct any action it has taken, . . . before an appeal to the court is filed." *Fisher v. Town of Boscawen*, 121 N.H. 438, 440 (1981) (quotation omitted). Toward this end, RSA 677:3 provides, in pertinent part, that a motion for rehearing to a zoning board, "shall set forth fully every ground upon which it is claimed that the decision or order complained of is unlawful or unreasonable." RSA 677:3, I. It further provides that a party may not appeal a zoning board decision:

> unless the appellant shall have made application for rehearing . . . and, when such application shall have been made, no ground not set forth in the application shall be urged, relied on, or given any consideration by a court unless the court for good cause shown shall allow the appellant to specify additional grounds.

*Id.* Thus, to comply with this statute, a motion for rehearing to a zoning board must "set forth fully every ground" on which the party argues that the decision was "unlawful or unreasonable." *Id.*

Our prior decisions interpreting either RSA 677:3 or its predecessor, RSA 31:75 (1970) (repealed), give some guidance regarding the meaning of the requirement that a party "set forth fully every ground" on which rehearing or reconsideration is sought. In *DiPietro v. Nashua*, 109 N.H. 174, 176 (1968), for instance, we interpreted the predecessor to RSA 677:3, which required that a motion for rehearing to a zoning board set forth "every ground" upon which it was claimed that the zoning board's decision was unreasonable or unlawful. RSA 31:75. The plaintiffs "sought a rehearing by motion which specified *no* reasons therefor." *DiPietro*, 109 N.H. at 175 (emphasis added). They argued that they were unable to specify the grounds for their motion because the minutes of the zoning board hearing were unavailable when they filed their motion. *See id.* at 175-76. We held that the temporary unavailability of these minutes did not relieve the plaintiffs of their obligation to specify the grounds for their motion. *Id.* at 176. We stated that, even without the minutes, the plaintiffs could have stated their grounds "at least in general terms." *Id.*

In *Town of Plaistow Board of Selectmen v. Town of Plaistow Zoning Board of Adjustment*, 146 N.H. 263 (2001), we distinguished *DiPietro*. There, the board of selectmen for the Town of Plaistow requested a rehearing of the decision by the zoning board to grant a variance to the intervenor. *Town of Plaistow Bd. of Selectmen*, 146 N.H. at 264. The request stated that it was based upon concerns outlined in an attached planning board memorandum. *Id.* "[U]nlike the plaintiffs in [*DiPietro*], who failed to specify any reasons for a requested rehearing, the plaintiff referenced and attached the planning board's memorandum, which listed three specific grounds for rehearing." *Id.* at 266. Specifically, the memorandum had asserted that the variance: "may be in conflict with RSA 674:33b; so that the 'spirit' of the ordinance can be more fully understood and discussed; and that the buildings on a particular property cannot (or should not) be a 'hardship.'" *Id.* (quotations omitted). We held that "incorporation of the planning board's memorandum satisfied RSA 677:3." *Id.*

■ Here, the plaintiffs' motion for reconsideration to the ZBA stated that the ZBA's denial of their variance request on the ground that there were feasible alternatives to the screened deck they sought to build was unreasonable, denied their constitutional rights to due process and equal protection of laws, was contrary to *Boccia* and was contrary to the ordinance. While the motion at issue in *Plaistow Board of Selectmen* identified grounds by incorporating another memorandum by reference, the plaintiffs' motion directly listed the grounds upon which it was based. These grounds were at least as specific as those set forth in the memorandum appended to the motion at issue in *Plaistow Board of Selectmen*. If nothing else, the plaintiffs' motion put the ZBA on notice that the plaintiffs believed that the ZBA had misinterpreted *Boccia* when it found that there were feasible alternatives to the screened deck they sought to build. This motion satisfied the spirit and letter of RSA 677:3.

The defendant contends that we must affirm the trial court, nonetheless, because the court dismissed the plaintiffs' appeal on the alternative ground that it did not comply with RSA 677:4. RSA 677:4, which governs appeals of zoning board decisions to the superior court, requires such appeals to "specify the grounds upon which the [zoning board] decision or order is claimed to be illegal or unreasonable." RSA 677:4.

As discussed above, the trial court dismissed the plaintiffs' appeal because it failed to comply with both RSA 677:3 and RSA 677:4. The plaintiffs' notice of appeal did not challenge the trial court's dismissal for failure to comply with RSA 677:4. The only issue raised in the notice of appeal is whether the trial court correctly ruled that their motion for

rehearing to the ZBA "deprived the ZBA of the opportunity to understand the specific grounds upon which [they] believed the decision to be unlawful or unreasonable." (Quotation omitted.) Additionally, the plaintiffs' brief does not discuss whether the trial court erroneously ruled that their appeal failed to comply with RSA 677:4.

Ordinarily, when an appellant has failed to raise an issue in a notice of appeal, we deem the issue waived. *See Wilder v. City of Keene*, 131 N.H. 599, 605 (1989). We also deem an issue waived when it is raised in a notice of appeal, but is not briefed. *In re Estate of King*, 149 N.H. 226, 230 (2003).

These principles, however, do not apply here. Although the defendant contends that the plaintiffs' failure to comply with RSA 677:4 constitutes an "alternative, separate and independent ground for dismissing the plaintiffs' appeal," the trial court's analysis of this issue was wholly dependent upon its analysis of whether the plaintiffs complied with RSA 677:3. The only reason the trial court gave for finding that the plaintiffs violated RSA 677:4 is that their motion for reconsideration, which they incorporated by reference, violated RSA 677:3. The court ruled that incorporating a motion for reconsideration to the ZBA "is an acceptable means of informing the trial court in an RSA 677:4 appeal of the specific grounds upon which the decision is alleged to be unreasonable or illegal." Nonetheless, it ruled that incorporating the motion at issue did not suffice because the motion failed to "specify in any way how [the ZBA decision] is alleged to be unreasonable."

Under the circumstances of this appeal, the issue of whether the plaintiffs complied with RSA 677:4 is indistinguishable from the issue of whether they met the requirements of RSA 677:3 because, on these facts, in order to comply with 677:4, they had to meet the requirements of 677:3. Thus, the question of whether the trial court erroneously dismissed the plaintiffs' appeal for failure to comply with RSA 677:4 fairly comprises a subsidiary question to the ultimate issue of whether they met the requirements of RSA 677:3. *See* SUP. CT. R. 16(b)(3).

■ In light of our holding that the plaintiffs' motion for reconsideration to the ZBA satisfied RSA 677:3, and given that the trial court found that the plaintiffs' appeal failed to satisfy RSA 677:4 only because it reached the opposite conclusion, we hold that the plaintiffs' appeal complies with RSA 677:4. Accordingly, we reverse the trial court's dismissal of the plaintiffs' appeal, and remand for further proceedings consistent with this opinion.

*Reversed and remanded.*

BRODERICK, C.J., and DALIANIS and GALWAY, JJ., concurred.