NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by E-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

_____

9th Circuit Court-Manchester Family Division
No. 2016-0431


IN THE MATTER OF SANDRA L. PATIENT AND MARCEL C. PATIENT, JR.

Submitted: May 16, 2017
Opinion Issued: August 1, 2017


Sandra L. Patient, self-represented party, by brief.


Law Office of Donald A. Kennedy, of Manchester (Donald A. Kennedy on the brief), for the respondent.


BASSETT, J. The respondent, Marcel C. Patient, Jr., appeals an order of the Circuit Court (Carbon, J.) requiring him to reimburse the petitioner, Sandra L. Patient, $5,105.29 for certain uninsured medical expenses that she incurred in 2015. In granting the petitioner's request for reimbursement, the trial court interpreted the parties' stipulated divorce decree to include an implied requirement that the respondent give the petitioner notice before he remarried. On appeal, the respondent argues that the interpretation of the trial court was erroneous. We affirm.

The record supports the following facts. In 2002, as part of a stipulated divorce decree, the parties agreed that the respondent would "continue to provide medical and dental [i]nsurance for the benefit of the petitioner, until [he] [r]emarried." The provision did not have a notice requirement. In July 2015, the respondent remarried, which resulted in the termination of the

petitioner's insurance coverage.  Prior to his remarriage, the respondent did not notify the petitioner that he would remarry, or that the petitioner's insurance coverage would be terminated.  Rather, on August 27, the petitioner learned by "happenstance" that the respondent had remarried and that, effective July 1, 2015, her insurance coverage had been cancelled.  Because the petitioner incurred $5,105.29 in medical expenses between July 1 and August 27, she filed a motion in the trial court seeking reimbursement for the uninsured expenses, arguing that the stipulated decree required that the respondent notify her of his remarriage.

The trial court agreed with the petitioner, reasoning that, although the decree "does not require that [the respondent] advise [the petitioner] of his date of remarriage, it is implicit so that [the petitioner] could obtain her own insurance."  In other words, the trial court concluded that a notice provision was implied in the decree.  The trial court denied the respondent's motion to reconsider, and this appeal followed.

On appeal, the respondent argues that a notice provision cannot be implied because the parol evidence rule prohibits a court from adding a provision to a decree when its terms are unambiguous.  The parol evidence rule prohibits the admission of extrinsic evidence to vary or contradict the plain meaning of the terms of a contract, unless the contract is ambiguous.  See Parkhurst v. Gibson (Parkhurst), 133 N.H. 57, 62 (1990).  In this case, however, the trial court did not rely upon extrinsic evidence when interpreting the divorce decree.  Rather, it analyzed the language of the stipulation, and the intent of the parties' agreement, to interpret the decree as requiring the respondent to give advance notice of his remarriage.

The respondent also argues that the trial court erred when it interpreted the divorce decree to require that the respondent give the petitioner advance notice.  We disagree.  "When a dispute arises concerning the nature of provisions within a stipulation, we must consider the intent of the parties." Miller v. Miller, 133 N.H. 587, 590 (1990).  In ascertaining the intent of the parties, we will consider the situation of the parties at the time of their agreement and the object that was intended thereby, together with all of the provisions of their agreement taken as a whole.  Id.  "[H]owever, absent fraud, duress, mutual mistake, or ambiguity, the parties' intentions will be gleaned from the face of the agreement."  Id.  "The interpretation of the language of a divorce decree, like the interpretation of other written documents, is a question of law, reviewed by this court de novo."  Estate of Frederick v. Frederick, 141 N.H. 530, 531 (1996).

We have held that "[t]erms which are plainly or necessarily implied in the language of a contract are as much a part of it as those which are expressed." Laconia Clinic, Inc. v. Cullen, 119 N.H. 804, 806 (1979).  "If the provisions of the instrument taken together clearly show that the obligation in question was

2

within the contemplation of the parties when making their contract or is necessary to carry their intention into effect, the law will imply the obligation and enforce it." Id. Thus, although explicit notice provisions are preferable, in appropriate circumstances, a court may imply an obligation requiring one party to give notice of an occurrence relevant to the agreement. See, e.g., Bank v. Sinclair, 60 N.H. 100, 107 (1880) (noting that when a specific event triggers a contractual obligation, there is an implied condition that notice of the event be provided if the event is within the unique knowledge of the nonperforming party); see also 15 R. A. Lord, Williston on Contracts § 48:7, at 679 (4th ed. 2014) ("One of the most common necessary conditions is that of notice of some fact.").

Here, the trial court correctly interpreted the decree to include an implied notice provision because such a term was necessary for the parties' intent to be realized. The parties agreed that the respondent would provide health insurance to the petitioner until he remarried, at which time the responsibility for the petitioner's healthcare expenses would shift to the petitioner. This arrangement necessarily contemplated that, prior to the respondent's remarriage, the petitioner would have an adequate opportunity to make alternative plans for her insurance and healthcare needs. Importantly, the critical event — the respondent's remarriage — was within his unique knowledge. Therefore, absent a notice requirement, the respondent would be able to — and, in fact, did — compromise the petitioner's opportunity to secure her own insurance coverage, undermining the clear purpose of the provision. Accordingly, because an implied notice provision was necessary to effectuate the parties' intent, we conclude that the trial court did not err when it interpreted the divorce decree to require that the respondent provide advance notice to the petitioner before he remarried. Cf. Fischer v. City of Dover, 131 N.H. 469, 475 (1989) (implying obligation requiring city to ensure that corporation was reimbursed for certain costs, where "the intention of the agreement was to provide reimbursement to the corporation").

Finally, any issues that the respondent did not raise in his notice of appeal, or raised, but did not brief, are deemed waived. See Colla v. Town of Hanover, 153 N.H. 206, 210 (2006).

Affirmed.

DALIANIS, C.J., and HICKS, J., concurred.