Rockingham
No. 83-262

JOHN B. POWERS & a.

v.

TOWN OF HAMPTON

July 27, 1984

*Flynn, McGuirk & Blanchard,* of Portsmouth (*Raymond P. Blanchard* and *Anthony S. Hartnett* on the brief, and *Mr. Blanchard* orally), for the plaintiffs.

*Shaines, Madrigan & McEachern P.A.,* of Portsmouth (*Branch S. Sanders* and *Alice K. Page* on the brief, and *Ms. Page* orally), for the defendant.

BROCK, J. The plaintiffs, John B. and Georgia Powers, appeal from a decree of the Superior Court (*Nadeau,* J.) approving a Master's (*R. Peter Shapiro,* Esq.) recommendation that the plaintiffs be denied injunctive relief against the town and that a town ordinance designating the entire width of Keefe Avenue in Hampton as a fire lane be ruled valid.

On appeal, the plaintiffs argue (1) that the ordinance is void because it was not enacted in compliance with the proper procedural requirements; (2) that the ordinance is unreasonable; and (3) that because the fire lane as enacted infringes upon property over which the plaintiffs allege they have acquired a prescriptive right, they are entitled to compensation. We hold that the ordinance is void because, as enacted, it unduly restricts the plaintiffs' fundamental private property rights. We therefore reverse.

Since November 1962, the plaintiffs have owned the building located at 6 Keefe Avenue. Keefe Avenue is a private way, although the town does plow the street and provide rubbish collection. The avenue is twenty-four feet wide and approximately one hundred yards long. The first seventy yards of the roadway are paved, while the remaining thirty yards are a gravel-based dirt road, terminating at a large open gravel area utilized for parking approximately eighty-five vehicles.

The plaintiffs' property is located on the north side of Keefe Avenue. Their deed grants them a fee interest to the center line of Keefe Avenue (12 feet), subject to the right of other abutters to pass and repass over the roadway for purposes of ingress and egress. The

deeds of all owners of property located on the northerly and southerly sides of Keefe Avenue contain similar provisions.

The plaintiffs' building consists of five guest units which they rent. Occupants of the guest units utilize six angle-in parking spaces located in front of the building. The plaintiffs concede that full-sized cars, when parked in these spaces, extend a few feet into the right-of-way of Keefe Avenue.

On July 12, 1982, a petition, signed by several residents and/or owners of property on Keefe Avenue, was filed with the Hampton Board of Selectmen. The plaintiffs did not sign this petition and testified that they were not aware of its existence until after it had been discussed at the selectmen's meeting on July 19, 1982. The petition expressed concern about allegedly haphazard parking on Keefe Avenue which results in partial blocking of the avenue "most of the time during the Tourist Season" and making it difficult, if not impossible, for emergency vehicles to enter and exit the avenue quickly and safely. The petition requested that Keefe Avenue, or at least part of it, be designated a fire lane.

This petition was first officially considered at a regularly scheduled meeting of the town's board of selectmen on July 19, 1982. At that time, the Hampton Fire Chief testified that a fifteen-foot-wide fire lane down the middle of the avenue would be required to give fire trucks and firemen sufficient working space, whereupon the selectmen voted to put in a fifteen-foot-wide fire lane.

On August 16, 1982, a public hearing, with respect to "changing the ordinance on Keefe Avenue," was held at another regularly scheduled meeting of the board. At that meeting, the board voted to amend chapter 3, article 11 of the Hampton Town Ordinances, entitled "Fire Lanes," to read "Keefe Avenue—total width of right-of-way." Thus, the entire twenty-four-foot width was designated as a fire lane, which had the effect of prohibiting all parking on Keefe Avenue, including parking in the "angle-in" spaces in front of 6 Keefe Avenue.

The plaintiffs do not dispute the town's ability to establish fire lanes on a private way, but rather argue that the town's authority to do so derives from RSA 154:18 and that its failure to follow the notice provisions of this statute renders the ordinance void. RSA 154:18 states:

> "The fireward, engineer or fire chief may establish such regulations respecting the kindling, guarding, safe-keeping, prevention and extinguishment of fires, and for the removal of combustibles from any building or place, as he shall think expedient, which shall be signed by him and

recorded by the town clerk and posted in 2 or more public places in the town 30 days before they shall take effect."

 Contrary to the plaintiffs' assertion, we do not believe that RSA 154:18 was intended to be the exclusive means by which a town could establish fire lanes. Although establishing fire lanes is arguably encompassed within the broad and general language of "regulations respecting the . . . prevention and extinguishment of fires . . .", reading RSA 154:18 as a whole indicates that this provision was intended to address the problem of fire hazards posed by combustibles and to give the appropriate fire official the authority to regulate with respect to that specific problem. We therefore conclude that the town's failure to follow the notice provision of RSA 154:18 did not invalidate the ordinance.

 Municipal ordinances are presumed valid. *Stoney-Brook Dev. Corp. v. Town of Fremont*, 124 N.H. 583, 474 A.2d 561 (1984). Upon review, if the ordinance bears a reasonable relationship to its objective and does not unduly restrict fundamental rights, its validity will be upheld. *State v. Grant*, 107 N.H. 1, 3, 216 A.2d 790, 791 (1966). In the case before us, creating a fire lane on Keefe Avenue does bear a reasonable relationship to the town's objective of facilitating the quick and safe entrance and exit of emergency vehicles to and from Keefe Avenue. In an area of numerous wooden buildings containing multiple units, which are set in close proximity to one another, congested streets pose an additional impediment to attempts to prevent loss of life and/or property.

However, we conclude that designating the entire twenty-four-foot width of this private way as a fire lane unduly restricted the plaintiffs' fundamental property rights. The undisputed testimony from the town's fire chief was that a width of fifteen feet was needed to give the fire apparatus and crew sufficient working space. The designation of a fifteen-foot fire lane would also preserve the plaintiffs' angle-in parking spaces. Taking the entire width of the private way effectively prohibits such parking.

 It is also undisputed that the only reason the selectmen voted to make the entire twenty-four-foot width of Keefe Avenue a fire lane was because part of the length of that avenue was gravel, upon which it was impossible to paint the boundary lines of a fire lane. This reason is insufficient to support any infringement of property rights on this private way, which is greater than necessary to effectuate the town's legitimate objective. *See Metzger v. Town of Brentwood*, 117 N.H. 497, 503, 374 A.2d 954, 958 (1977). Alternative means of marking fire lanes are available. Moreover, that portion of

the roadway on which 6 Keefe Avenue fronts is paved, and upholding the ordinance as enacted would unduly penalize the plaintiffs for the failure of abutters further down the avenue to pave their portion.

In light of our determination, we need not address the plaintiffs' remaining argument.

*Reversed.*

All concurred.