Rockingham
No. 2004-337

RICHARD TAYLOR & a.

v.

TOWN OF PLAISTOW

Argued: February 9, 2005
Opinion Issued: April 22, 2005

*Engel & Associates, P.A.*, of Exeter (*David C. Engel* on the brief and orally), for the plaintiffs.

*Devine, Millimet & Branch, P.A.*, of Manchester (*John P. Sherman* on the brief, and *Donald E. Gardner* orally), for the defendant.

DUGGAN, J. The plaintiffs, Dick Taylor's Tire and Truck Sales, Inc. and its proprietor, Richard Taylor, appeal a decision of the Superior Court (*Morrill*, J.) upholding the validity of a zoning ordinance enacted by the defendant, Town of Plaistow (Town). We affirm.

The trial court found the following facts. In April 1997, the Town adopted an amendment to its zoning ordinance that requires a minimum of 1,000 feet between vehicular dealerships in the Commercial I district. Taylor filed an application for a variance with the Town's zoning board of adjustment (ZBA) for property that he was planning to purchase at 147 Plaistow Road (Route 125). On February 26, 1998, the ZBA granted Taylor's variance request, allowing him to establish a used car dealership less than 1,000 feet from an existing car dealership.

The Town's board of selectmen appealed the ZBA's decision to grant the variance. The Superior Court (*Murphy*, J.) reversed on the basis that denial of Taylor's request for a variance would not result in unnecessary

hardship. *See generally Town of Plaistow Bd. of Selectmen v. Town of Plaistow Zoning Bd. of Adjustment*, 146 N.H. 263 (2001). We vacated the trial court's decision, *see id.* at 267, and remanded for further proceedings in light of the new criteria for unnecessary hardship set forth in *Simplex Technologies v. Town of Newington*, 145 N.H. 727, 731-32 (2001). Subsequently, the ZBA again granted the variance request and that decision was not appealed.

The plaintiffs brought the instant action in April 1999, seeking a declaration that the zoning ordinance is unconstitutional and requesting damages for the time during which Taylor owned the property but could not use it for vehicular sales. The trial court found that the ordinance is constitutional on its face and as applied to the plaintiffs' property, and thus denied the plaintiffs' petition for declaratory judgment.

The plaintiffs raised several issues in their notice of appeal, including whether the trial court erred in finding that: (1) the ordinance is constitutional on its face and as applied to the plaintiffs' property; (2) the ordinance's distinction between vehicular dealerships and other businesses bears a substantial relationship to the Town's stated goals; and (3) the Town was primarily concerned with aesthetics, safety and planning when enacting the ordinance. The plaintiffs also raised issues concerning the trial court's failure to rule on the arbitrariness of the proximity regulation and the trial court's consideration of the plaintiffs' economic damages in light of a prior trial court order bifurcating the plaintiffs' legal issues from a hearing on damages.

In a previous order in this case, we summarily affirmed the trial court's factual findings, which were supported by the record, and the trial court's decision to bifurcate the plaintiffs' damages claims from the legal claims. We limited our consideration to the plaintiffs' constitutional claims, specifically whether proximity regulations are invalid *per se*.

The plaintiffs argue that the ordinance is unconstitutional because no legitimate purpose is served by the imposition of the 1,000-foot proximity regulation. Furthermore, they argue that the ordinance violates their right to equal protection because there is no valid basis for treating vehicular dealerships differently from other retail businesses in terms of their proximity to each other. Because the constitutionality of an ordinance involves a question of law, we review the trial court's decision *de novo*. *Webster v. Town of Candia*, 146 N.H. 430, 434 (2001).

"A substantive due process challenge to an ordinance questions the fundamental fairness of an ordinance both generally and in the

relationship of the particular ordinance to particular property under particular conditions existing at the time of litigation." *Dow v. Town of Effingham*, 148 N.H. 121, 124 (2002) (quotation omitted). When a party contests the validity of an ordinance on the basis that it burdens all seeking to engage in the proscribed action, the appropriate inquiry is whether the claimant has proved that the ordinance constitutes a restriction on property rights that is not rationally related to the town's legitimate goals. *Id.* at 125; *see also Quirk v. Town of New Boston*, 140 N.H. 124, 129 (1995). Under this standard, there is a presumption favoring the constitutionality of the regulation, and in determining the validity of a zoning ordinance, its reasonableness will be presumed. *Dow*, 148 N.H. at 125. In reviewing the reasonableness of a particular zoning provision, we are mindful that zoning is a legislative function and judging the wisdom of the legislation is not the function of this court. *Quirk*, 140 N.H. at 129.

The State zoning enabling act grants municipalities broad authority to pass zoning ordinances for the health, safety, morals and general welfare of the community. *Asselin v. Town of Conway*, 137 N.H. 368, 371 (1993); *see* RSA 674:16, I (1996). In enacting a zoning regulation, a town may consider the knowledge of town selectmen and planning board members concerning such factors as traffic conditions and surrounding uses resulting from their familiarity with the area involved. *Quirk*, 140 N.H. at 129. Furthermore, a municipality may exercise its zoning power solely to advance aesthetic values because the preservation or enhancement of the visual environment may promote the general welfare. *Asselin*, 137 N.H. at 371-72.

The zoning ordinance provides: "No lot used for a vehicular, trailer or recreational vehicle dealership in Commercial I District may be located any closer than one thousand (1,000) feet in any direction to any other lot used for a vehicular, trailer and recreational vehicle dealership." PLAISTOW, N.H., ZONING ORDINANCE § 300:14(b).

The trial court found that the Town primarily focused on aesthetics, safety and planning concerns when drafting and enacting the 1,000-foot buffer between vehicular dealerships. In particular, the planning board considered that vehicle dealers display their goods outdoors, often in a disorderly manner, and that the positioning of the vehicles creates potential traffic and fire access problems. These are legitimate reasons for which a town may exercise its zoning power. *See Quirk*, 140 N.H. at 130 (holding that 200-foot "buffer zone" around recreational campgrounds was rationally related to the town's legitimate goals of avoiding unsightliness,

containing noise and protecting abutters from safety hazards). Likewise, we defer to the planning board's judgment as to the proximity regulation's necessity and efficacy in meeting these goals. *See id.* Moreover, other jurisdictions have upheld proximity regulations that are reasonably related to public health, safety or welfare as valid exercises of a municipality's police power. *See, e.g., Orange County v. Costco Wholesale Corp.*, 823 So. 2d 732, 739 (Fla. 2002) (upholding 5,000-foot buffer between package liquor sales businesses); *Mobil Oil Company v. Township of Westtown*, 345 A.2d 313, 316 (Pa. Commw. Ct. 1975) (upholding 500-foot buffer between gasoline service stations); *City of Norfolk v. Tiny House, Inc.*, 281 S.E.2d 836, 839 (Va. 1981) (upholding 1,000-foot buffer between businesses that engage in "adult uses"). We hold that the ordinance at issue here is rationally related to legitimate town goals and, therefore, comports with the due process requirements of our constitution. *See Dow*, 148 N.H. at 125.

■ We next address whether the ordinance violates the plaintiffs' right to equal protection because the proximity regulation applies only to vehicular dealerships and not other businesses. "[A]n equal protection challenge to an ordinance is an assertion that the government impermissibly established classifications and, therefore, treated similarly situated individuals in a different manner." *Dow*, 148 N.H. at 124. Whereas substantive due process challenges are evaluated under a rational basis test, we review equal protection challenges to ordinances with heightened scrutiny. *Id.*; *see also Asselin*, 137 N.H. at 372. In order for a classification in a zoning ordinance to be constitutional, it must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation. *Quirk*, 140 N.H. at 132.

The trial court found that vehicular dealerships impair the town's aesthetics more than other types of businesses because they display their goods outdoors in full view to the general public, while other businesses operate indoors and the outside areas are reserved for employee and customer parking. Furthermore, the court found that vehicular dealerships have a greater impact on traffic safety than other businesses because motorists are likely to look at the inventory displayed outside the dealership as they drive by. Thus, the trial court concluded that the ordinance's "distinction between vehicular dealerships and other businesses bears a fair and substantial relation to the Town's goals sufficient to warrant disparate treatment with respect to the [1,000-] foot buffer requirement."

The plaintiffs disagree, arguing that other businesses also display their goods outside and that there is no visual or aesthetic difference between vehicles parked in front of a dealership and customers' vehicles parked in parking spaces at a retail store or other business. The plaintiffs point to *Asselin v. Town of Conway*, 135 N.H. 576, 578 (1992), where we struck down, on equal protection grounds, a zoning ordinance that permitted readerboard signs with changeable lettering only for businesses featuring the performing arts or nightly live entertainment. We held that the ordinance's distinction between types of businesses was not substantially related to the Town's goals of improving aesthetics and traffic safety because all signs had to meet the same design requirements and the readerboards were likely to have the same impact on aesthetics and safety regardless of the type of business advertised. *Id.*

■ The present case is distinguishable from *Asselin. See id.* Here, the Town's planning board considered the differences between the ways that vehicular dealerships display and market their goods as compared to other businesses that primarily operate indoors and use their parking lots for customer parking. We agree with the trial court that the classification created by the ordinance bears a fair and substantial relationship to the Town's goals of preserving aesthetics and ensuring traffic safety. *See Quirk*, 140 N.H. at 132; *see also Harvard Enterprises, Inc. v. Board of Adjustment*, 266 A.2d 588, 592 (N.J. 1970) (upholding 2,000-foot buffer between gasoline stations based upon town's fire, traffic and aesthetic concerns).

Accordingly, we affirm the trial court's order denying the plaintiffs' petition for declaratory judgment.

*Affirmed.*

BRODERICK, C.J., and NADEAU and DALIANIS, JJ., concurred.