Department of Health and Human Services
No. 2006-570

APPEAL OF DAVID LOWY
(New Hampshire Department of Health and Human Services)

Argued: May 9, 2007
Opinion Issued: August 23, 2007

*Law Office of Ann N. Butenhof*, of Manchester (*Ann N. Butenhof* and *Judith L. Bomster* on the brief, and *Ms. Butenhof* orally), for the petitioner.

*Kelly A. Ayotte*, attorney general (*Suzan M. Lehmann*, senior assistant attorney general, on the brief and orally), for the respondent.

DUGGAN, J. The petitioner, David Lowy, appeals a decision of the Administrative Appeals Unit (AAU) of the New Hampshire Department of Health and Human Services (DHHS) upholding a denial of Medicaid eligibility. The AAU concluded that the petitioner's special needs trust does not qualify for exclusion as a resource from his Medicaid eligibility determination, and, regardless of whether the trust qualifies for exclusion, the petitioner is required to provide information about the trust corpus as part of his initial application. We reverse in part, affirm in part, and remand.

The record supports the following. The petitioner is a thirty-six-year-old developmentally disabled man who lived with his parents, John and Margaret Lowy. The Lowys were appointed co-guardians of the petitioner in 1989 (Mrs. Lowy is now deceased).

Although the petitioner had private medical insurance, his parents applied for Medicaid on his behalf in April 2004 so that he would be able to receive medical benefits when they were no longer able to assist with his care. Because the petitioner was employed, the application was processed under the Medicaid for Employed Adults with Disabilities program (MEAD). Participants in the MEAD program are allowed to have incomes up to 450% of the federal poverty guidelines, with wage earners on the upper end of the scale being required to pay a premium. *See* N.H. ADMIN. RULES, He-W 641.03 (eff. Feb. 8, 2002; superseded Feb. 24, 2005).

Shortly before applying for Medicaid, the petitioner's parents executed the David E. Lowy Irrevocable Trust for the petitioner's benefit, using as principal the petitioner's own savings. It was their express intent to create a special needs trust that conforms with 42 U.S.C. § 1396p(d)(4)(A) (2000). The trust was approved for this purpose by the Strafford County Probate Court, pursuant to its jurisdiction over the guardianship. The significance of depositing funds into such a trust is that the assets will not be counted as belonging to the beneficiary for purposes of Medicaid resource eligibility. 42 U.S.C. § 1396p(d)(4)(A). However, a state is required to exclude the trust as a resource in eligibility determinations only if, among other considerations, the state will be repaid from the trust's corpus upon the beneficiary's death for medical assistance provided to the beneficiary during his lifetime. *Id.* To this end, the Lowy trust includes a "payback provision," which provides:

> **Distributions after David E. Lowy's Death.** Any amounts remaining in the trust estate upon the death of the Beneficiary shall be paid to the State of New Hampshire (or such other state

or states which have claims against the Trust) *to the extent required by law,* up to the amount remaining in the fund or equal to the total amount of medical assistance paid on behalf of the Beneficiary, whichever is lesser.

(Emphasis added).

As part of his Medicaid application, the petitioner provided DHHS with a copy of his trust. DHHS requested additional information about the source, nature and extent of the trust assets, which the petitioner did not provide because he believed the trust was not to be counted as a resource in his eligibility determination. DHHS denied the petitioner's Medicaid application and the petitioner appealed to the AAU.

The petitioner raised two issues before the AAU: (1) whether the phrase "to the extent required by law" in the payback provision disqualifies the trust from being excluded as a resource in the petitioner's eligibility determination under 42 U.S.C. § 1396p(d)(4)(A); and (2) if the trust does qualify for exclusion, whether DHHS may nonetheless require the petitioner to verify the value of the trust's corpus as part of his initial application.

DHHS stipulated that in the absence of the disputed phrase, the trust qualifies for exclusion under 42 U.S.C. § 1396p(d)(4)(A), but argued that the phrase renders the payback provision potentially unenforceable and thus disqualifies the trust. DHHS also argued that whether or not the trust qualifies, DHHS has the authority to require the petitioner to provide information about the value of the trust corpus as part of his application to verify that the trust does indeed qualify for exclusion and to verify the petitioner's income from trust distributions. The AAU agreed with DHHS on both issues and the petitioner appealed. *See* RSA 541:6 (2007).

### I. The Payback Provision

The AAU agreed with DHHS that 42 U.S.C. § 1396p(d)(4)(A) does not itself create an enforceable repayment obligation, but only mandates that the State not count the corpus of a conforming special needs trust as a resource *if* the trust contains an obligation to repay. The AAU found that the phrase "to the extent required by law" in the Lowy trust impermissibly conditions the obligation to repay on the future existence of an independent legal requirement of repayment, which might not occur. Therefore, the AAU concluded the trust does not contain the unconditional repayment obligation required for exclusion under 42 U.S.C. § 1396p(d)(4)(A).

Our standard of review on appeal is governed by RSA 541:13 (2007). *See Appeal of Leonard,* 147 N.H. 590, 594 (2002). "Accordingly, we will reverse the agency only if it made an error of law or if we are satisfied, by a clear preponderance of the evidence, that the agency's order was unjust or unreasonable." *Id.* We review questions of law *de novo. Taylor v. Town of Plaistow,* 152 N.H. 142, 144-45 (2005). While we agree with the AAU that a trust must contain a payback provision to qualify for exclusion, we find the AAU's interpretation of the disputed phrase erroneous, and hold that it does not disqualify the trust under 42 U.S.C. § 1396p(d)(4)(A).

Medicaid is a joint federal/state medical assistance program for low-income individuals. 42 U.S.C. §§ 1396 *et seq.* Medicaid programs require applicants to meet certain financial eligibility criteria with respect to resources and income. *Id.* In our recent decision, *Appeal of Huff,* we stated:

> The United States District Court for the District of New Hampshire has held that "New Hampshire is a '§ 209(b) option' state, and therefore the eligibility standards for medical assistance are the same as those in effect in New Hampshire on January 1, 1972," *Duquette v. Dupuis,* 582 F.Supp. 1365, 1368 (D.N.H. 1984) (citation omitted), under the State's approved plan. *See* 42 U.S.C. § 1396a(f). Accordingly, if New Hampshire is a section 209(b) state, the petitioner's application must be evaluated against the 1972 eligibility standards for medical assistance in the State's approved plan because those standards define the nature and extent of the State's Medicaid obligations under section 209(b).

*Appeal of Huff,* 154 N.H. 414, 417-18 (2006). *Huff* considered a challenge to New Hampshire Administrative Rule, He-W 654.04(b)(10) (eff. April 25, 1998), which counts certain distributions from a qualifying special needs trust as income to the beneficiary for Medicaid eligibility purposes. *Huff,* 154 N.H. at 418-19. Because the factual question of the status of New Hampshire's Medicaid plan in 1972 could not be answered based upon the record, we remanded the case for further proceedings without a decision as to the validity of Rule He-W 654.04(b)(10). *Id.* Because the parties do not question that current law governing Medicaid eligibility is valid or that certain distributions from a special needs trust may be counted as income, we adopt their assumption for purposes of this case, without deciding either issue.

The Medicaid statute sets forth rules governing the State's treatment of trusts for eligibility purposes. 42 U.S.C. § 1396p(d). A trust is not counted as a resource if it contains the assets of a disabled individual under age

sixty-five and is established for the individual's benefit by a parent, grandparent, legal guardian or a court, "if the State will receive all amounts remaining in the trust upon the death of such individual up to an amount equal to the total medical assistance paid on behalf of the individual under a State plan under this subchapter." 42 U.S.C. § 1396p(d)(4)(A). As the AAU correctly observed, the statute effectively creates a *quid pro quo* so that a trust beneficiary receives medical benefits for which his trust resources might render him otherwise ineligible in exchange for repayment of those benefits from the trust upon the beneficiary's death. The Medicaid statute is thus clear that if a trust is not counted, the benefits must be repaid, but is silent with respect to how the reimbursement is guaranteed. Thus, it appears that the trust instrument itself must provide for the reimbursement. The question is whether the language added to the payback provision in this case disqualifies the trust from being excluded from the petitioner's resource calculation.

On appeal, the petitioner argues that the qualifier "to the extent required by law" means that any claim asserted against the trust estate must be addressed in light of all applicable legal principles, including common law principles and state and federal statutory and regulatory law. The petitioner argues that in the context of both the trust settlor's clear intent to create a qualifying special needs trust and the statutory reimbursement provision, the phrase does not disqualify the trust. We agree.

■ When we construe a trust, the intention of a settlor is paramount, and we determine that intent, whenever possible, from the express terms of the trust itself. *See Bartlett v. Dumaine*, 128 N.H. 497, 504-05 (1986). Moreover, we reject any construction of trust language that would defeat the clear and expressed intention of a settlor. *Lanoue v. Comm'r, Soc. Security Admin.*, 146 N.H. 504, 508 (2001) (declining to find a trust revocable where to do so would defeat settlor's clear intent to establish trust in conformance with 42 U.S.C. § 1396p).

Here, the settlors' intention is clear. The trust declaration states, "the Settlors desire to create an irrevocable supplemental needs trust for their son David E. Lowy as contemplated by 42 U.S.C. § 1396p(d)(4)(A) . . . ." The powers and duties of trustees allow certain administrative changes to be made, provided that "no amendment may be made that will materially change the purposes of the Trust or will cause the Trust not to be in compliance with 42 U.S.C. § 1396p, as may be amended from time to time." The stipulation of facts that was submitted to the AAU confirms that "[i]t was the intent of Appellant's parents to create a conforming 42 U.S.C. § 1396p(d)(4)(a) trust, a so-called Special Needs Trust." The intention is

evidenced by the trust itself, which apart from the disputed phrase, the parties stipulated, qualifies as a special needs trust under 42 U.S.C. § 1396p(d)(4)(A) in every respect.

■ The intention to create a trust qualifying under 42 U.S.C. § 1396p(d)(4)(A) signals an intention to enter into the exchange that is at the heart of this statutory provision; namely, exclusion in exchange for reimbursement. This intended exchange is made explicit in the Lowy trust's payback provision, which includes the three elements of the payback requirement included in 42 U.S.C. § 1396p(d)(4)(a), by promising that: (a) the state shall receive; (b) upon the beneficiary's death; (c) any amounts remaining in the trust up to the amount of medical assistance paid on the beneficiary's behalf. To construe the qualifier "to the extent required by law" as referencing anything other than a general requirement that the promise contained in the payback provision be construed in accordance with the law would require us to ignore the settlors' clear intent. This we decline to do. Accordingly, we hold that the payback provision is adequate, and that the trust therefore qualifies for exclusion under 42 U.S.C. § 1396p(d)(4)(A).

## II. Verification of the Trust Corpus

The AAU ruled that the petitioner must provide as part of his MEAD application "any information about the trust (including but not limited to the trust instrument and the financial records of the trust) reasonably necessary to determine [the petitioner's] income and resource eligibility for the MEAD program." On appeal, the State argues that information about the trust corpus is necessary to determine whether in fact the trust qualifies for exclusion under 42 U.S.C. § 1396p(d)(4)(A), and to determine the petitioner's income eligibility, which may be affected by distributions from the trust. With respect to income, the State argues that "[a]ccess to Trust corpus at the time of initial application and annual redeterminations enables [DHHS] to compare the corpus value at the prior eligibility point and to then verify that disclosures of distributions, if any, were fully disclosed and accurate." The petitioner does not dispute that trust distributions may count as income and that DHHS is therefore entitled to verify the purpose, recipient and amount of those distributions. However, he argues that this information can be verified through less intrusive means, such as an affidavit from a trustee or bank manager, without disclosing the value of the trust corpus.

■ As did the AAU, we reject the State's argument that it is entitled to obtain information about the trust corpus as part of the petitioner's initial eligibility determination for the purpose of determining whether the trust

qualifies under 42 U.S.C. § 1396p(d)(4)(A). Indeed, DHHS stipulated that without the contested reimbursement language the trust qualifies in every respect. Moreover, New Hampshire's regulation governing verification of "inaccessible resources" suggests that even if DHHS had not stipulated to the trust's validity, the only documents DHHS would be required or entitled to request for the purpose of verifying that the trust is excluded would be the trust agreement itself. *See* N.H. ADMIN. RULES, He-W 606.78(a)(1)(a) (eff. June 1, 2000; amended July 21, 2006) ("The following documents shall be used to verify inaccessible resources: ... [f]or irrevocable trust funds, the trust instrument or agreement.").

However, we agree that DHHS has authority to request information that is reasonably necessary for the second purpose identified by the State, namely, verification of the petitioner's income eligibility, and we affirm the AAU's ruling to this extent.

In its role as administrator of the Medicaid program, DHHS is charged with ensuring that only financially eligible individuals are approved to participate. *See* RSA 167:3-c (Supp. 2006) & RSA 167:4 (Supp. 2006) (directing DHHS to adopt and administer financial eligibility rules). DHHS' authority to require that Medicaid applicants provide certain financial information is coextensive with this duty. As part of an eligibility determination, the State is required by 42 C.F.R. § 435.948(a)(6) (eff. Feb. 28, 1986) to verify "[a]ny ... income, resource, or eligibility information relevant to determinations concerning eligibility or correct amount of medical assistance payments available from agencies in the State ...." New Hampshire verification requirements provide, in relevant part, that "[a]ll general, categorical, technical, and financial factors related to the determination of eligibility and level of benefit for ... all categories of financial and medical assistance, shall be verified at ... [i]nitial determinations ...." N.H. ADMIN. RULES, He-W 606.01(a) (eff. Oct. 24, 1997; superseded Oct. 24, 2005 & Apr. 13, 2007). Applicants are solely responsible for providing DHHS with acceptable verification pursuant to Rule He-W 606.01(b) (eff. Oct. 24, 1997), and DHHS is required to deny an application if an applicant fails to provide information that is required to verify any factor required for determining eligibility or benefit level, including income eligibility. N.H. ADMIN. RULES, He-W 606.01(c).

The petitioner has pointed us to no authority and we are aware of none that requires DHHS to verify an applicant's income through the least intrusive means available. To the extent, therefore, that information about the trust corpus is reasonably necessary to ascertain whether trust distributions are to be counted as income to the petitioner for Medicaid

eligibility purposes, DHHS may request, and the petitioner is required to provide, such information.

*Reversed in part; affirmed in part; and remanded.*

BRODERICK, C.J., and DALIANIS, GALWAY and HICKS, JJ., concurred.